This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellant,

v.                                                             No. 34,273

ANTHONY DUNN,

Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Kenneth H. Martinez, District Judge

Hector H. Balderas, Attorney General
Jacqueline R. Medina
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellee

MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     The State has appealed from an order granting Defendant's motion to dismiss for violation of the right to a speedy trial. We previously issued a notice of proposed summary disposition in which we proposed to affirm. The State has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}     The State continues to contend that the district court weighed the various speedy trial factors too heavily against it. With respect to the first factor, the State suggests a different approach. Insofar as the motion to dismiss was filed roughly twenty-two and one-half months after arrest, [MIO 4] and insofar as this is a case of intermediate complexity, the State takes the position that the total period of delay exceeded the fifteen-month threshold by only seven and one-half  months, which it asserts should weigh only slightly against it. [MIO 4] However, the State offers no authority for the use of these temporal parameters. [MIO 4] As the district court noted, the total delay from the indictment to the date of the hearing on the motion to dismiss was roughly twenty-four months. [RP 200] Our published authorities support this

approach. *See, e.g., State v. Steinmetz,* 2014-NMCA-070, ¶ 5, 327 P.3d 1145 (observing that the total delay encompasses the period between the indictment and the date of the evidentiary hearing on the motion to dismiss). We therefore adhere to our initial assessment of the total length of the delay. Insofar as the delay exceeded the fifteen-month threshold by nine months, we remain of the opinion that the first factor should weigh against the State, although not heavily. *Compare id.* ¶¶ 4-5 (in a case of intermediate complexity, observing that a delay of twenty-eight months beyond the threshold should weigh moderately against the State); *with State v. Montoya,* 2011-NMCA-074, ¶ 17, 150 N.M. 415, 259 P.3d 820 (holding that a delay of six months beyond the triggering date in an intermediate case weighed only slightly against the prosecution); *cf. State v. Marquez,* 2001-NMCA-062, ¶¶ 10-12, 130 N.M. 651, 29 P.3d 1052 (holding that a delay of nine months beyond the threshold in a simple case weighed heavily against the State).

{4}    With respect to the second factor, the State contends that the majority of the delay appears to have been the product of the district court's crowded dockets and the illness of one of the judges. [MIO 8-10] The State further suggests that reassignment to the general calendar so that the reasons for the delay may be ascertained with greater precision. [MIO 7, 9] However, the record is sufficient to support the district court's characterization of the delays as administrative in nature. [RP 201-02] And

3

although the State contends that these delays should be weighed neutrally or only slightly against it, [MIO 10] such administrative delays are clearly attributable to the State. *See State v. Spearman*, 2012-NMSC-023, ¶ 25, 283 P.3d 272 ("Negligent or administrative delay is weighed against the State, since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." (internal quotation marks and citation omitted); *State v. Garza*, 2009-NMSC-038, ¶ 29, 146 N.M. 499, 212 P.3d 387 (observing that delays resulting from administrative burdens on the criminal justice system, such as overcrowded courts, congested dockets or the unavailability of judges, are considered negligent delay and weighed against the State). To the extent that the State interprets older decisions issued by this Court to suggest otherwise, [MIO 10] the New Mexico Supreme Court's more recent decisions are controlling.

{5} With respect to the third factor, as the district court noted Defendant filed two pro forma assertions of the right before filing his motion to dismiss on speedy trial grounds. [RP 202] We perceive no merit to the State's suggestion that the filing of the motion entailed gamesmanship or strategic delay. [MIO 12-13] Ultimately, Defendant's assertions are sufficient that the third factor should weigh against the State, although not heavily. *See State v. Gallegos*, 2010-NMCA-032, ¶ 24, 148 N.M. 182, 231 P.3d 1124 (observing that a pro forma speedy trial demand filed at the

4

commencement of the proceedings, together with a motion to dismiss filed shortly before trial, weighed in the defendant's favor, "but only slightly").

**{6}** With respect to the crucial fourth and final factor, the State does not dispute that Defendant was in continuous custody. [RP 204] "This is the precise kind of prejudice the speedy trial right was intended to prevent." *State v. Ochoa*, 2014-NMCA-065, ¶ 23, 327 P.3d 1102, *cert granted*, 2014-NMCERT-006, 328 P.3d 1188. Nevertheless, the State suggests that Defendant failed to make a particularized showing that his pretrial incarceration was unduly oppressive. [MIO 13-14] To the extent that a particularized showing was required, the record reflects that "Defendant offered testimony . . . [concerning] undue anxiety and concern[.]" [RP 205] Although we understand the State to suggest that this should be deemed insufficient, [MIO 14] we decline to presume that Defendant's testimony was inadequate. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("'Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment.'" (*quoting In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318)).

**{7}** In summary, all of the factors weigh against the State. On balance, therefore, a speedy trial violation occurred. *See, e.g., Ochoa*, 2014-NMCA-065, ¶¶ 24-25 (arriving at a similar conclusion under similar circumstances).

{8} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{9} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**